UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                          Case No. 09-CR-227

XIONG PAO VANG,

        Defendant.

**ORDER GRANTING MOTION TO ADJOURN**

      The defendant has moved for a further adjournment of the above matter to allow his attorney an opportunity to explore the consequences of a conviction of either the charged or a lessor offense on his immigration status. Defendant seeks an adjournment of 45 days and argues that the ends of justice served by the adjournment outweigh the best interests of the public and the defendant in a speedy trial.

      In support of the motion, counsel for the defendant indicates that he has researched and consulted with other attorneys regarding settlement issues in the case and the effect of a conviction upon his client's immigration status. Given the environment and the uncertainty of immigration law, however, counsel indicates that he has been unable to reach a conclusion. Since the effect of any conviction upon his client's immigration status is a major concern in the case, counsel indicates that additional time is necessary for his client to be able to evaluate the Government's offer and determine whether the case can be settled. The Government apparently does not oppose the motion and agrees that an adjournment would not be unreasonable.

Based upon the foregoing, the defendant's motion is **GRANTED**. The Clerk is directed to reschedule this matter for a pre-trial and trial date in accordance with the request of the defendant. Further, the Court concludes that the ends of justice served by an adjournment in this case outweigh the best interest of the public and the defendant in a speedy trial. More specifically, the Court concludes that an adjournment will allow the defendant to make an intelligent decision whether to proceed or to enter into a plea agreement. In the event the case is settled, the Government will be able to preserve resources otherwise necessary to conduct the trial. Accordingly, the delay necessitated by the adjournment is hereby excluded pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

**SO ORDERED** this   2nd   day of November, 2010.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge